IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| HOMELIFE, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MAVERICK INTERNATIONAL, INC., ) | |
| d/b/a MAVERICK MUSIC, INC., ) | Case No.: 5:14CV61-RLV |
| ) | |
| and ) | |
| ) | |
| PHILIP WINFIELD, ) | |
| ) | |
| Defendants. ) | |

## SUMMARY OF EVIDENCE PRESENTED AND
## ORDER OF DEFAULT JUDGMENT

**THIS MATTER** came before the Court on August 14, 2014, for a hearing on the Plaintiff, Homelife, LLC's ("Homelife") Motion for Entry of Default Judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, at which counsel and a corporate representative for Homelife appeared. The Defendants, Maverick International, Inc., d/b/a Maverick Music, Inc. ("Maverick"), and Philip Winfield ("Winfield") (collectively, "Defendants") have failed to appear, plead to, or otherwise defend Homelife's claims against them in this action within twenty-one (21) days of service as required by Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure. The Clerk of Court entered default against Defendants on May 30, 2014. (Doc. 11). By Order entered on July 22, 2014, the Court set this matter for hearing on August 14, 2014, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for the purposes of hearing evidence to establish the amount of damages sought by Homelife. (Doc. 14). Defendants neither

appeared at the hearing on August 14, 2014, nor otherwise responded to Homelife's Motion for Entry of Default Judgment, and the time to do so has expired.

At the hearing held on August 14, 2014, Homelife presented the testimony of its corporate representative, as well as properly authenticated documentary evidence in the form of electronic mail communications between Homelife's corporate representative and Defendants, which were admitted into evidence. This evidence established that, in or about late October and early November of 2013, Homelife, through its representative, arranged with Winfield to sell certain rare music equipment through Maverick. The music equipment included the following: a Dumble Overdrive Reverb Amplifier Head, Model OD-100W, Serial No. 0059; a vintage Jackson Browne Dumble Amplifier Cabinet (the Dumble Amplifier Head and Dumble Amplifier Cabinet, collectively the "Dumble Amplifier"); a Two-Rock Prototype Amplifier Head 100W, Serial No. Proto 01; a Two-Rock 2 x 12 Old Style Amplifier Cabinet (the Two-Rock Amplifier Head and Two-Rock Amplifier cabinet, collectively the "Two-Rock Amplifier"); and a 2004 Stevie Ray Vaughan Fender Stratocaster, Serial No. 93702-JC068 (the "Fender Guitar"). According to the parties' agreement, Maverick would retain a percentage of the sale price for its services and remit the net sale proceeds for each of the pieces to Homelife.

On or about November 7, 2013, Defendants communicated to Homelife's representative that the Dumble Amplifier had sold for net sale proceeds of $160,000. In the same communication, Defendants represented that the Two-Rock Amplifier was on the verge of selling for $55,000. Homelife's representative, who has substantial familiarity with this particular line of amplifier testified that, in his opinion, such a purchase price would be reasonable. On or about November 8, 2013, Defendants communicated to Homelife's representative that the Fender Guitar had sold for net sale proceeds of $60,000. Based on

2

Defendants' representations, on November 8, 2013, Homelife shipped the music equipment to Maverick's principle place of business in Mooresville, North Carolina. Homelife's representative testified that, as of the date of the hearing, Homelife has received no payments of the net sale proceeds from Defendants despite repeated demands therefor. Moreover, Defendants have not returned to Homelife any music equipment remaining in their possession despite repeated demands therefor.

Having found the facts as herein stated, the Court finds as a matter of law that Plaintiff prevails on each of its four theories of recovery. The Court further finds as a matter of law that Plaintiff is entitled to recover from Defendants, jointly and severally, the total sum of $275,000, with interest from the date of filing of the Complaint.

**WHEREFORE**, upon consideration of the pleadings filed herein and the evidence presented before the Court at the hearing held on August 14, 2014, Homelife's Motion for Entry of Default Judgment is **GRANTED**.

**IT IS, THEREFORE, ORDERED THAT:**

1) Default judgment is entered in favor of Homelife on its breach of contract claim against Maverick in the amount of $275,000, with accrued interest at a rate of 8 percent *per annum* until paid in full;

2) Default judgment is entered in favor of Homelife on its unjust enrichment claim against Defendants, jointly and severally, in the amount of $275,000, with accrued interest at a rate of 8 percent *per annum* until paid in full;

3) Default judgment is entered in favor of Homelife on its trespass to chattels claim against Defendants, jointly and severally, in the amount of $275,000, with accrued interest at a rate of 8 percent *per annum* until paid in full; and

4) Default judgment is entered in favor of Homelife on its conversion claim against Defendants, jointly and severally, in the amount of $275,000, with accrued interest at a rate of 8 percent *per annum* until paid in full.

5) The Deputy Clerk is directed to mail a copy of this Summary of Evidence Presented and Order of Default Judgment to counsel for Homelife and to Defendants by certified mail, return receipt requested.

Signed: September 5, 2014

Richard L. Voorhees
United States District Judge